SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

|  |  |
|---|---|
| | CASE NO. |
| | COMPLAINT FOR DAMAGES: |
| TERRIE MONEY**,** | 1. Violation of Fair Credit Reporting Act; |
| Plaintiff, | 2. Demand Exceeds $10,000.00 |
| v. | |
| Experian Information Solutions, Inc.; Capital One, National Association; Synchrony Bank; Citibank USA, National Association and DOES 1 through 100 inclusive**,** | |
| Defendants. | |

COMES NOW Plaintiff TERRIE MONEY, an individual, based on information and belief, to allege as follows:

### **INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in

connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 7 bankruptcy.

## JURISDICTION & VENUE

2.   Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

## GENERAL ALLEGATIONS

3.   Plaintiff filed for Chapter 7 bankruptcy protection on January 29th, 2015 in order to reorganize and repair Plaintiff's credit.  Plaintiff's Chapter 7 bankruptcy was discharged on May 4th, 2015.

4.   On May 16th, 2015 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting and noticed a misleading and or inaccurate account status, and or listing of the accounts as in collections, past due and or charged off rather than discharged in Bankruptcy.

5.   In response Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

6.   Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

7.   Defendants Capital One, National Association; Synchrony Bank and Citibank USA, National Association failed to conduct a reasonable investigation and reported falsely to Experian Information Solutions, Inc. a ***misleading*** and or ***inaccurate*** account status, and or listed the accounts as in collections, past due and or charged off rather than discharged in Bankruptcy.

8.   Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information.  After the statutory time period passed for Experian Information Solutions,

Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

9. On August 18th, 2015 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure proper reporting.

10. Plaintiff's account was in dispute but the furnisher and Experian Information Solutions, Inc. failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

11. The credit bureaus have an obligation to delete the tradeline when a response is not received by the furnisher within the statutory time frame.

12. The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

## FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc.- Failure to Reinvestigate Disputed Information.**

13. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

14. After plaintiff disputed the accounts mentioned above, defendant Experian Information Solutions, Inc. was required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, defendant was required to send all relevant information to the furnishers which they did not do. Defendant failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

**Capital One, National Association; Synchrony Bank and Citibank USA, National Association– Reporting Inaccurate Information to Defendant Experian Information Solutions, Inc. and Failure to Reinvestigate.**

15. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

16. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

17. Defendants Capital One, National Association; Synchrony Bank and Citibank USA, National Association violated section 1681s-2 by failing to conduct a reasonable investigation and re-reporting a misleading and or inaccurate account status, and or listed the accounts as in collections, past due and or charged off rather than discharged in Bankruptcy.  Defendant Experian Information Solutions, Inc. provided notice to the defendants that Plaintiff was disputing the inaccurate or misleading information but each of the furnishers failed to conduct a reasonable investigation of the information as required by the FCRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b. Award  statutory and actual damages pursuant to 15 U.S.C. § 1681n;

c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n;

d. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o;

e. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.;

//
//

f.   For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

**SAGARIA LAW, P.C.**

Dated: October 5, 2015            By:    */s/ Elliot Gale*
                                         Scott Sagaria, Esq.
                                         Elliot Gale, Esq.
                                         Attorneys for Plaintiff

## <u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands trial of this matter by jury.

**SAGARIA LAW, P.C.**

Dated: October 5, 2015                   */s/ Elliot Gale*
                                         Scott Sagaria, Esq.
                                         Elliot Gale, Esq.
                                         Attorneys for Plaintiff